**In re Dennis WILBURN, Debtor.**

**Dennis WILBURN, Plaintiff,**

**v.**

**Wendy WILBURN, Defendant.**

Bankruptcy No. 83–0053.
Adv. No. 82–02452.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 26, 1983.

C. Allen McConnell, Toledo, Ohio, for plaintiff.

Richard Sullivan, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court on the Complaint to Determine Dischargeability filed by the Plaintiff-Debtor. A Pre-Trial was held on this Complaint on March 2, 1983, and the parties agreed to have this Court render a decision in this case based solely upon the record. Although the Court granted a period of time for counsel to file briefs, no briefs were submitted.

### FACTS

The Plaintiff and the Defendant were granted a divorce decree by the Lucas County Court of Common Pleas, Domestic Relations Division, on June 2, 1981. On October 22, 1982, the Defendant received a judgment from that same Court on her motion to show cause for failure to comply with the terms of the separation agreement which was incorporated with the divorce decree. This entry was a lump sum judgment based upon the Plaintiff's failure to make certain payments on the parties house and payments connected with the sale of the real estate. The divorce decree provided that:

"... the real estate, which is jointly owned by the parties ... shall be sold and the net proceeds from said sale shall be divided equally ... that the ... [Plaintiff] shall pay all bills of the marriage incurred to date and he shall indemnify and save harmless the ... [Defendant] therefrom."

On the motion to show cause, the Domestic Relations Division awarded the Defendant One Thousand Four Hundred Forty-one

and 04/100 Dollars ($1,441.04) which represents certain arrearages on the mortgages, one-half the attorney's closing fees, and one-half the net proceeds. That Court also awarded the Defendant One Hundred and no/100 Dollars ($100.00) in fees and court costs in connection with the show cause motion, and ordered that the Plaintiff remain current on his payments on the second mortgage. Although the record is unclear, the property appears to have been sold prior to the entry of the show cause judgment. Also unclear are the terms of the ownership and the sale.

## LAW

■ The dischargeability of certain types of debts is addressed by 11 U.S.C. § 523(a)(5) which states in pertinent part:

"523. Exceptions to discharge.

... (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that

. . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support..."

An award of support, maintenance, or alimony is not dischargeable in bankruptcy, whereas a property settlement obligation would be dischargeable. *Matter of Jensen,* 17 B.R. 537 (Bkrtcy.W.D.Mo.1982). The question as to the Domestic Relations Court's characterization of the debts as support or property settlement does not arise in this case, inasmuch as no such categorization is made in the divorce decree. Therefore, the only question before this Court is whether the judgment of the Domestic Relations Court is a property settlement or an award in the nature of support. It should be noted that the divorce decree, in a separate provision, requires the Plaintiff to pay a specific amount of child support, and that the Defendant waived her right to alimony.

■ It appears from the terms of the divorce decree that the parties intended to sell the real estate as a part of their impending separation. This is evidenced by the fact that the decree required a sale of the house and an equal division of the proceeds. The assumption of all the debts of the marriage by the Plaintiff would include the arrearages and closing costs, inasmuch as they were debts resulting from or incident to the marriage. It appears that the intention of this provision is to require the Plaintiff to compensate the Defendant for what she expended in proceeding with the sale of the house. This provision relates to the parties' primary objective regarding a settlement of their interests in the house. The terms of these provisions reflects the parties' intent to achieve a resolution of their marital affairs and the desire to conclude their dealings once the divorce became finalized. With such an intent it must be concluded that the terms of the divorce decree, on which the subsequent show cause judgment was founded, constitutes a property settlement between the parties. Consequently, the obligations imposed by that judgment, so far as they are listed in the Plaintiff's Complaint, would be dischargeable.

In reaching this conclusion this Court has considered the entire record, regardless of whether or not all items therein are specifically referred to in this Opinion.

It is ORDERED that the judgment of the Domestic Relations Division of the Lucas County Court of Common Pleas for One Thousand Four Hundred Forty-one and 04/100 Dollars ($1,441.04) be, and it is hereby, held DISCHARGEABLE.